IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    v.

GUISSEPPI OSORIO,

    Defendant.

Case No. 8:20-CR-321 (DNH)

GOVERNMENT'S SENTENCING MEMORANDUM

---

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

## I

## INTRODUCTION

On November 19, 2020, the defendant was convicted by plea of guilty to an information charging conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).

The charge arose from the defendant trafficking heroin from New York City to Plattsburgh, New York for distribution. In February 2020, the defendant agreed to supply an individual in Plattsburgh with a kilogram of heroin. On February 11, 2020, the defendant hired his co-defendant, Alcibiades Fernandez-Nunez, to drive him and the kilogram of heroin from New York City to Plattsburgh. The defendant told Fernandez-Nunez he would pay him $3,000 for driving. The defendant also told Fernandez-Nunez that the defendant expected to be paid $54,000 for the

kilogram of heroin once he delivered it to Plattsburgh and that it was more profitable to sell drugs "up there."  Once in Peru, New York, the defendant and Fernandez-Nunez were pulled over by the New York State Police.  A subsequent search of the vehicle resulted in the police finding a pressed brick-like substance that was later confirmed by a laboratory to be 1,006 grams of heroin.  The defendant secreted the heroin in the rear quarter panel of the vehicle to the extent that in order to hide the substance, he pulled back the fabric lining in the trunk and shoved the kilogram of heroin an arm's length into an empty area in the quarter panel near the rear passenger side door.

The defendant is personally accountable for approximately 1,006 grams of a mixture or substance containing a detectable amount of heroin.

The defendant is currently scheduled to be sentenced on March 18, 2021.

## II

### APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.     Statutory Maximum and Minimum Sentences**

The defendant's conviction under Count One for conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), subjects the defendant to a statutory mandatory minimum sentence of 10 years and a maximum term of life imprisonment, a maximum fine of $10,000,000, and a maximum term of supervised release of life.  *See* 21 U.S.C. §841(b)(1)(A).  The defendant is required to pay a special assessment of $100, due and payable at or before sentencing.  *See* 18 U.S.C. § 3013.

**2.      Guidelines Provisions**

    **a.      Offense Level**

The parties have stipulated that the defendant is responsible for 1,006 grams of heroin in that he was personally involved with that amount or it was reasonably foreseeable to the defendant that the conspiracy involved that amount, and therefore his "base offense level" is 30, pursuant to U.S.S.G. § 2D1.1(c)(5). The government agrees with probation that the defendant does not meet the criteria set forth in subdivisions (1) – (5) of subsection (a) of U.S.S.G. § 5C1.2 (the "Safety Valve"). Specifically, the defendant has not provided the government with all truthful information and evidence the defendant has concerning the offense. Additionally, the government agrees with probation that a two-level upward adjustment is to be applied, pursuant to U.S.S.G. § 3B1.1(c), because the defendant was an organizer, leader, manager or supervisor in the criminal activity. Specifically, the defendant hired Fernandez-Nunez to drive for him and told Fernandez-Nunez that he would pay him $3,000 without discussion or negotiation. The defendant was to gross $54,000 from the sale of the kilogram of heroin. Further, Fernandez-Nunez made it clear that the defendant was "his boss in that moment" referring to the criminal activity. Specifically, the defendant told Fernandez-Nunez where to go, how fast to drive and when to stop for things like food or gas.

    **b.      Acceptance of Responsibility**

The government agrees with the Probation Department's determination that the defendant is entitled to credit for acceptance of responsibility. The defendant is entitled to a three-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b).

### c. Criminal History Category

According to the presentence report, the defendant's criminal history category is I. The government agrees with the Probation Department's determination of the defendant's criminal history category.

### d. Guidelines Range and Sentence

As described above, the combined offense level is 29 and the criminal history category is I. This is consistent with the calculations in the presentence report. As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of 87 to 108 months imprisonment, however, since the 120-month mandatory minimum is greater than the high end of the guidelines, it becomes the guideline sentence. *See* U.S.S.G. § 5G1.1(b). The federal sentencing guidelines sections also advise that the defendant receive a fine of between $30,000 and $10,000,000; a $100 special assessment; and a supervised release term of at least five years.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to the guideline term of imprisonment of 120 months, followed by the guideline term of supervised release of five years. The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) for the following reasons:

**The Nature, Circumstances, and Seriousness of the Offense.** The defendant attempted to supply a kilogram of heroin to Plattsburgh for which he expected to be paid $54,000. Each time

4

heroin is sold and ingested, it is only by the mercy of fate that it does not take a life. While heroin users absorb the risk that the drugs they ingest may kill them, those who peddle heroin assume the now well-known risk that their actions could take a life, and that the law, as enacted by representatives of the citizens of the United States, holds them responsible. A kilogram of heroin could easily cause 1,000 overdoses.

**The History and Characteristics of the Defendant**. Although the defendant now reports daily use of Oxycodone since January 2020, at the time of arrest, he denied any substance abuse history to probation. *See* Osorio pretrial services report. It then follows that the defendant either lied to probation and the Court at his detention hearing to better his chances of release or he's lying to probation and the Court now in an effort to gain sympathy to explain his criminal conduct. In either case, the defendant was preoccupied by how much he stood to profit from selling the kilogram of heroin, telling Fernandez-Nunez, "heroin makes the most money" and that selling drugs in Plattsburgh is far more profitable than selling them in New York City. The defendant was trafficking heroin purely for monetary reasons.

**Respect for the Law, Just Punishment, and Deterrence**. A sentence of imprisonment of the guideline sentence will promote respect for the law, provide just punishment, and further both specific deterrence to the defendant and general deterrence to others.

As the Supreme Court has observed, "in the ordinary case, the [Sentencing] Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of carful study based on extensive empirical evidence derived from the review of thousands of individual sentencing

5

decisions"). Sentences within the advisory Guidelines range also promote Congress's goal in enacting the Sentencing Reform Act— "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

The Court need not look far to be made aware of the heroin epidemic sweeping the United States. The defendant contributed to that epidemic and such an issue would not be so widespread if not for people like the defendant. The recommended sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and deters future criminal conduct.[1]

                           Respectfully submitted this 24th day of February 2021,

                           ANTOINETTE T. BACON
                           Acting United States Attorney

By:   */s/ Douglas G. Collyer*
       Douglas G. Collyer
       Assistant United States Attorney
       Bar Roll No. 519096

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

**CERTIFICATE OF SERVICE**

 I hereby certify on February 24, 2021, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

                  /S/ *Douglas G. Collyer*