UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**UNITED STATES of AMERICA,**
**Plaintiff**

SENTENCING MEMORANDUM

v.

8:20-CR-321 (DNH)

**GUISEPPI OSORIO**,
**Defendant**

---

## BACKGROUND OF THE CASE

Guiseppi Osorio was charged in the United States District Court for the Northern District of New York on or about February 11, 2020, and on November 19, 2020 he pled guilty to a single count of Conspiracy to possess with Intent to Distribute and Distribute a Controlled Substance, in violation of 21 USC §§ 841(a)(1), (b)(1)(A) and 846.

As discussed below, Mr. Osorio respectfully requests that the Court find the defendant eligible for the safety valve pursuant to 18 USC §3553(f)(1)-(5), USSG §§2D1.1(b)(18) and 5C1.2 and sentence the defendant accordingly. It is respectfully submitted that the defendant has a Criminal History of I, and an offense level of 27 resulting in a guideline range of 70-87 months. This is below the mandatory minimum of ten years of incarceration, which is why the safety valve provisions are so important in this case. Such a guideline sentence would be sufficient, but not greater than necessary, to comply with sentencing principles.

## GUIDELINES SENTENCE

Although the Sentencing Guidelines are no longer mandatory, the Court is required to consider them before imposing sentence. However, in *Gall v. United States*, 128 S. Ct. 586 (2007), the United States Supreme Court held that there is no presumption

of reasonableness, and the court must consider the Guidelines, but also consider all the factors in 18 USC 3553(a) before imposing sentence. In *United States v. Cavera*, 550 F.3d 180, 189, the Second Circuit stated:

> "It is now ... emphatically clear that the Guidelines are guidelines - that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors..."

It is respectfully submitted that the Court should not apply the upward adjustment of 2 points under 3B1.1, as further discussed below. This would bring his total Offense Level to a 27 and a guideline range of 70-87 months.

## SAFETY VALVE

### A. Criminal History Category

Probation, in their review of Mr. Osorio, concluded that he was not eligible for the Safety valve provision of USSG §5C1.2. The defense respectfully disagrees and asks that the Court grant the defendant's request to be deemed eligible and sentence him accordingly. If Mr. Osorio is safety valve eligible, it allows for a sentence within the guidelines. With a Guideline Level of 27, his sentence range is 70-87 months. This is in line with his admitted conduct.

In order to be granted safety valve relief under 18 USC §3553(f), the defendant must satisfy five criteria. It seems that the government and the defense agree that Mr. Osorio meets three of those criteria, namely (1) his lack of significant criminal history; (2) no violence or threats or weapons were involved in the offense and (3) no death or serious bodily injury occurred. The government and defense diverge, however, on the last two criteria.

Mr. Osorio was not an organizer, manager or supervisor of the conspiracy, but, as his testimony during his plea allocution suggests, an intermediary between parties. There is a substantial body of case law holding that intermediaries should not get an upward adjustment under 3B1.1. United States v. Colon, 23 Fed. Appx 40 (2nd Cir. 2001); United States v. Wang, 707 F.3d 911 (7th Cir. 2013); United States v. Cataldo, 171 F.3d 1316 (11th Cir. 1999); United States v. Maisonet, 493 F. Supp.2d 255 (D. PR 2007).

In Colon, supra, the Second Circuit upheld the decision not to apply the upward adjustment under 3B1.1 - and to award safety valve status - where the defendant was a "sophisticated broker" rather than an organizer, stating, at 45, "Judge Hellerstein found that Borras and Escobar performed the role of "sophisticated broker[s],... Because Judge Hellerstein did not find that Borras or Escobar were 'organizers' under 3B1.1 of the Sentencing Guidelines, he was not required to apply the upward adjustment... Further ...... he also was not precluded from giving Escobar the benefit of the 'safety valve' reduction..." The same logic applies in the case at bar.

Similarly, in Cataldo, supra, where the defendant was characterized as a broker, the government argued for an aggravating role enhancement, which the district court correctly declined to apply. As in Colon and Cataldo, because the actions of Mr. Osorio resemble the middle-man, bringing suppliers and dealers together, rather than an actual organizer or manager, the Court should decline to apply the upward enhancement.

USSG 2D1.1(b)(11) provides that, where the case level is greater than 26, "[i]f the defendant meets the criteria set forth in subdivisions (1) to (5) of subsection (a) of 5C1.2... decrease by two levels. See Application Note 21 to USSG 2D1.1; United States v. Osai,107 F.3d 101 (2nd Cir. 1997); United States v. Feingold, 454 F.3d 1001 (9th Cir.

3

2006). Moreover, this provision is not discretionary, but applies automatically in the guidelines calculation. United States v. Jeffers, 329 F.3d 94 (2nd Cir. 2003).

During the defendant's plea allocution, he gave a full, forthright and honest retelling of his offense conduct. Going beyond the admitted factual portion of his plea agreement, Mr. Osorio answered the court's questions about his involvement in the conspiracy and proffered that he was just another cog in a machine that brought narcotics from New York City to Plattsburgh, New York. Never wavering to answer the court, the defendant admitted his involvement to the Court, the US Attorney and the record. In these most unusual times, these admissions should count for something.

It is respectfully submitted that Mr. Osorio's testimony during his plea allocution, and specifically his admissions to the Court above and beyond what was contained in the factual portion of the plea agreement, satisfy the fourth and fifth elements of 18 USC §3553(f). He testified, under oath, to all he knew about the conspiracy; this should grant to him the allowance of the fifth requirement. See United States v. Ortiz, 136 F.3d 882, 883 (2d Cir. 1997); United States v. Gambino, 106 F.3d 1105 ((2d. Cir. 1997); United States v. Ivester, 75 F.3d 182, 184 (4th Cir) cert. denied, 518 U.S. 1011 (1996).

For these reasons, it is respectfully submitted that the defendant has met the five criteria for safety valve eligibility and should receive the benefits thereof. If the Court does not apply the upward adjustment under 3B1.1, which means both that there is no mandatory minimum sentence and the final offense level becomes 27 rather than 29, with a guidelines range of 70-87 months.

**FACTORS UNDER 18 USC 3553(a)**

Section 3553(a) directs sentencing courts to consider (1) the nature and

circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to: (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the sentencing range established by the guidelines; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Section 3553(a) also requires courts to "impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph 2." (Emphasis added).

**Nature and Circumstances of the Offense/ History and Characteristics of the Defendant**

Guiseppi Osorio is 27 years old and was born in Brooklyn, New York. Mr. Osorio has lived in New York City his entire life and maintains close contact with his family, who also reside in and around New York City. He has one child, Abigale, 5.

This is the defendant's first significant interaction with the criminal justice system.

**To Afford Adequate Deterrence to Criminal Conduct.**

It is submitted that based on all the factors discussed herein, a guidelines sentence

is adequate to deter any future criminal conduct.

**To Protect the Public from Further Crimes of the Defendant.**

Guiseppi Osorio, now 27 years old, has matured and realizes that his prior lifestyle was self-destructive and damaging in many ways. Since his arrest, his life has turned around completely. As probation notes, Mr. Osorio has started a catering company that has thrived, even during the COVID pandemic. He has discovered legitimate ways to make money and left his prior ways behind. It is submitted that a guidelines range sentence of incarceration would be sufficient to protect the public.

**To Provide the Defendant with Needed Educational or Vocational Training, Medical Care or other Correctional Treatment in the Most Effective Manner.**

This factor is not relevant.

**The Kinds of Sentences Available.**

*Booker*, *Gall* and *Kimbrough* show that almost any sentence is available, but the question is what sentence is *reasonable*. Based on his lack of serious legal problems, his opportunity to reunite with his family, and the other factors discussed herein, it is submitted that the Court should sentence Mr. Osorio to the submitted that a guidelines range sentence of incarceration is appropriate.

**The Sentencing Range Established by the Guidelines.**

As discussed above, according to the PSR, the defendant has an offense level of 29 and a criminal history category of I and the guidelines range is 87-108 months. However, if, as argued above, the Court sides with the Defendant's calculations, the guideline range would be 70-87 months.

**Any Pertinent Policy Statements Issued by the Sentencing Commission.**

This factor is not relevant.

**The Need to Avoid Unwanted Sentencing Disparities Among Defendants with Similar Records Who have been Found Guilty of Similar Conduct.**

Mr. Osorio's co-defendant is awaiting sentencing.

**The Need to Provide Restitution to any Victims of the Offense**

This factor is not relevant.

**CONCLUSION**

Based on the foregoing, it is submitted that this Court find that the defendant is an appropriate candidate for the safety valve and sentence him to a guidelines sentence between 70-87 months. This sentence would be sufficient but not greater than necessary, to comply with sentencing principles.

Dated: February 25, 2020.

                                                  Respectfully submitted,
                                                  THE KINDLON LAW FIRM, PLLC.

                                                  By: _Lee C. Kindlon_
                                                  Lee C. Kindlon
                                                  Bar Roll No. 511642
                                                  *Attorney for Guiseppi Osorio*
                                                  52 James Street
                                                  Albany, New York 12207
                                                  Telephone: (518) 434-1493
                                                  Fax: (518) 935-9336
                                                  E-mail: LKindlon@Kindlon.com

cc:   AUSA Douglas Collier (via ECF)