```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------x
UNITED STATES OF AMERICA

vs.                          8:20cr321

GUISSEPPI OSORIO,

                      Defendant.
-----------------------------------------x
```

Transcript of a Sentencing held on April 27, 2022, at the Alexander Pirnie Federal Building, 10 Broad Street, Utica, New York, the HONORABLE DAVID N. HURD, United States District Judge, Presiding.

A P P E A R A N C E S

For The Government: UNITED STATES ATTORNEY'S OFFICE
14 Durkee Street
Room 340
Plattsburgh, New York 12901
  BY: DOUGLAS G. COLLYER, ESQ.
      Assistant U.S. Attorney

For Defendant:      THE KINDLON LAW FIRM
69 Columbia Street
Albany, New York 12210
  BY: LEE CAREY KINDLON, ESQ.

*Lisa M. Mazzei, RPR*
*Official United States Court Reporter*
*10 Broad Street*
*Utica, New York  13501*
*(315) 266-1176*

1             (Open court, 1:28 p.m.)
2             THE CLERK:  United States vs. Guisseppi Osorio,
3   20-CR-321.
4             Attorneys, please note your appearance for the
5   record.
6             MR. COLLYER:  Douglas Collyer for the United
7   States.  Good afternoon, your honor.
8             MR. KINDLON:  And Lee Kindlon on behalf of
9   Mr. Osorio, who joins me to my left.  Good afternoon, your
10  Honor.
11            THE COURT:  Any reason why we cannot complete
12  sentencing at this time, Counselors?
13            MR. COLLYER:  No, your Honor.
14            MR. KINDLON:  No, your Honor.
15            THE COURT:  In addition to the presentence report,
16  the two addendums and the plea agreement, I have also
17  reviewed the following documents:  The government's original
18  sentencing memorandum, Docket No. 41.  The government's
19  subsequent letter, Docket No. 44.  And the defendant's
20  sentencing memorandum, Docket No. 42.  And the defendant's
21  further document of Docket No. 43, which contains a number of
22  letters from family and friends of the defendant, which I
23  have reviewed in detail.
24            Is there any further documents that I should review
25  before we proceed further, Counselors?

1      MR. COLLYER: No, your Honor.

2      MR. KINDLON: No, your Honor.

3      THE COURT: Okay. Mr. Kindlon, do you wish to make

4  any motions at this time?

5      MR. KINDLON: No, your Honor. Thank you.

6      Well, your Honor, if I may, about a year ago --

7  actually, a little more than a year ago, we stood in this

8  courtroom prepared for sentencing and the Court recommended

9  that we adjourn for my client to perhaps take advantages

10 of -- to proffer for safety valve purposes. We adjourned to

11 today. Your Honor, therefore, it is the defense's request

12 that my client having taken advantage of the Court's

13 recommendations that we ask the Court to find that the

14 mandatory minimum of 10 years no longer applies and my client

15 be sentenced accordingly.

16     I do have a prepared sentencing speech. I don't

17 know if you want me to give it now or wait a couple of

18 minutes, but I am prepared to go forward at this time. Is

19 that okay?

20     THE COURT: Okay. Thank you.

21     MR. KINDLON: Your Honor, I have marked the passage

22 of the past couple of years which have been strange, to say

23 the least, with my representation of Mr. Osorio, who called

24 me on a February afternoon in 2020 before the world changed.

25 And he was one of the only people I would meet with when the

1  entire world was locked down in the spring and summer of
2  2020.
3      And, again, Judge, as I -- and we may have even
4  done it online at that point in November of 2020, when he
5  took a plea or it may have been here in which he stood on the
6  other side of the courtroom, but, again, a lot of these days
7  kind of blur together because it all seems like one long day,
8  but the man I've known from that first day him and I spoke on
9  the phone in February of 2020 to the man I now speak to
10 almost on a weekly basis when he calls my office to just
11 check in and see how I am doing and I ask how he is doing, he
12 is somebody who I've seen grow immeasurably.  Not just
13 because of the troubles that he's been through, but also he
14 fully comprehends now all the pain and struggle that he's put
15 these lovely people through who have joined him and made at
16 every step of the way.
17     Between the day he was released and March of 2021,
18 Mr. Osorio was out, he was doing well, he started a business.
19 He had settled into a responsible life in preparation for
20 sentencing.  And, again, Judge, I understand when we came
21 here in March of last year, the Court, as I stated earlier,
22 put him in custody and he's been in a mix of local jails over
23 the past 13 months or so.  Albany County for a couple of
24 days, Clinton County, Delaware County, he was there for a
25 while.  He's been everywhere.  But he's -- we have stayed in

1  touch, we have talked all the time, and one of the biggest
2  topics of conversations that we have is how his family is
3  doing and how he is doing.  But also -- but always first how
4  his family was doing because he knows what he has done to
5  them with his, bluntly-stated, selfless actions that led to
6  his arrest, prosecution and conviction here today.
7           And now, Judge, with the passage of time, I would
8  be remiss if I did not say that today is my client's
9  birthday, and his family joins me here now.  Your Honor,
10 Mr. Osorio -- and he will speak to you in a moment --
11 Mr. Osorio is contrite, apologetic, remorseful, and is a
12 changed man.  And also, Judge, if it wasn't for this Court's
13 intervention last March to help him find a better path, you
14 know, I can't say enough about how much he's accomplished
15 over the past year to make those changes in his life.  Only
16 partially for himself, but, again, mostly for the men, women
17 and children who sit behind me here in court today.
18          Your Honor, I understand it's a pretty significant
19 ask, and I wouldn't do so if the change in Mr. Osorio wasn't
20 as significant as my request to the Court, but given our
21 interpretation that the statutory mandatory minimum no longer
22 applies and that his codefendant in this case was sentenced
23 to a period of time served and probation, it would be
24 defense's request at this time to sentence Mr. Osorio to any
25 time served and probation.  Thank you, sir.

LISA M. MAZZEI, RPR
Official U.S. Court Reporter

1  touch, we have talked all the time, and one of the biggest
2  topics of conversations that we have is how his family is
3  doing and how he is doing.  But also -- but always first how
4  his family was doing because he knows what he has done to
5  them with his, bluntly-stated, selfless actions that led to
6  his arrest, prosecution and conviction here today.
7           And now, Judge, with the passage of time, I would
8  be remiss if I did not say that today is my client's
9  birthday, and his family joins me here now.  Your Honor,
10 Mr. Osorio -- and he will speak to you in a moment --
11 Mr. Osorio is contrite, apologetic, remorseful, and is a
12 changed man.  And also, Judge, if it wasn't for this Court's
13 intervention last March to help him find a better path, you
14 know, I can't say enough about how much he's accomplished
15 over the past year to make those changes in his life.  Only
16 partially for himself, but, again, mostly for the men, women
17 and children who sit behind me here in court today.
18          Your Honor, I understand it's a pretty significant
19 ask, and I wouldn't do so if the change in Mr. Osorio wasn't
20 as significant as my request to the Court, but given our
21 interpretation that the statutory mandatory minimum no longer
22 applies and that his codefendant in this case was sentenced
23 to a period of time served and probation, it would be
24 defense's request at this time to sentence Mr. Osorio to any
25 time served and probation.  Thank you, sir.

1         THE COURT: Thank you. Mr. Collyer, do you wish to
2 be heard at this time?
3         MR. COLLYER: Yes, your Honor. Just briefly.
4         With respect to the issue of safety valve, the
5 government opposes the defense motion for the defendant's
6 eligibility for safety valve. As scored by probation, the
7 defendant was a leader, organizer or manager of the criminal
8 activity under 3B1.1(c), which precludes safety valve
9 eligibility, and it is his burden to prove his eligibility.
10         The facts in this case show otherwise. The
11 defendant was to gross $54,000 from the sale of a kilogram of
12 heroin, which he was going to pay his codefendant $3,000.
13 The defendant also directed his codefendant what to do, where
14 to go, et cetera. The government opposes a finding of safety
15 valve eligibility in this case. Beyond that, with respect to
16 the other factors applicable to sentencing, the government
17 would rest, respectfully, on its written submissions. Thank
18 you.
19         THE COURT: Thank you. I will reserve decision on
20 the motion for safety valve.
21         Mr. Collyer, do you have any victims that wish to
22 be heard at this time?
23         MR. COLLYER: No, sir. Thank you.
24         THE COURT: Mr. Kindlon, do you have any family or
25 friends that wish to be heard at this time or identified or

1  whatever?

2              MR. KINDLON:  Your Honor, most of the men and women
3  who join us here today have written the submissions that the
4  Court has reviewed.  But, you know, again, as the Court can
5  see, we've got mother, sisters, cousins, friends and loved
6  ones of Mr. Osorio.

7              THE COURT:  Okay.  Thank you.  Mr. Osorio, do you
8  wish to be heard?  If you do, stand up and say whatever you
9  wish.

10             THE DEFENDANT:  Thank you, your Honor.  Honestly,
11 your Honor, I was not prepared to make a speech today, but I
12 would like to thank my family for being here with me today.
13 Not just today, but throughout this whole process.  And
14 Mr. Kindlon has said this and I realize that although I was
15 the one incarcerated, it's been a hard and difficult
16 situation for all of us.  I do take full responsibility for
17 my actions and I do regret them.  I wish I could take them
18 back, but at this point there is not much I could do about
19 it.  I offer my sincere apology.

20             I want to ask for a second chance, your Honor.  I
21 have proven that I do take opportunities of taking chances.
22 As my attorney said, when I was out on bail, I had my own
23 business.  I also have a six-year-old daughter that I miss
24 and love a lot, and I just want you to take that into
25 consideration when you make a decision today, your Honor.

1 Thank you.

2 THE COURT: Thank you. Mr. Kindlon, any final
3 words?

4 MR. KINDLON: My client said it best, Judge. I am
5 all set, Judge. Thank you.

6 THE COURT: Okay. Mr. Collyer, any final words
7 from the government?

8 MR. COLLYER: No, sir. Thank you.

9 THE COURT: Okay. As I am required to do, I have
10 considered the applicable Sentencing Commission guidelines as
11 well as the other factors elicited in 18 United States Code
12 Section 3553(a). These factors include the pertinent
13 Sentencing Commission policy statements, the need to avoid
14 unwarranted sentencing disparities and the requirement that
15 judges impose sentences that reflect the seriousness of the
16 offense, promote respect for the law, provide just
17 punishment, afford adequate deterrence and protect the
18 public.

19 I have taken into account a number of factors in
20 this matter. In the first place, of course, the nature and
21 circumstances of the events, which includes the defendant
22 being discovered in possession of more than a kilogram of
23 heroin; one of the worst substances that we are dealing with
24 on a daily basis. He was stopped during a traffic stop, and
25 the fact that the defendant hired another person to drive him

1  from New York City to the delivery location in Plattsburgh
2  here in Upstate New York.
3  I've also considered the defendant's prior criminal
4  history, which is limited to a 2013 misdemeanor youthful
5  offender adjudication, for possession of a forged instrument
6  third, and a 2019 arrest for the misdemeanor of unauthorized
7  use of a motor vehicle, and an aggravated unlicensed
8  operation of a motor vehicle for which a disposition does not
9  appear to be available.
10  I've also taken into consideration the letters in
11  support, and I notice who is here.  It looks to me like there
12  is about seven people here in support.  That's very unusual.
13  In the years that I have been here, most of the time when I
14  sentence somebody, they have no one to support them.  They
15  are here all by themselves to be sentenced.  You are very
16  fortunate to have so much support with the letters and
17  everything, and you have behaved yourself since you have been
18  arrested and served some time already.  I am denying the
19  motion for safety valve release, but I will give you a
20  sentence near the low end of the guidelines.  You have
21  already been in custody for some period of time and with the
22  continued good behavior, you will be out, as I said, when you
23  took your plea with good behavior.  You are entitled to
24  almost two months every year off for good behavior and you
25  will be out soon.  If you come back before me as a violation

1   of your supervised release, I will not be kind.  Understand?
2            THE DEFENDANT:  Yes.
3            THE COURT:  Come forward to be sentenced.
4            On your plea of guilty to Count 1 of the
5   information, it is the judgment of the Court that you are
6   hereby committed to the custody of Bureau of Prisons for a
7   prison term of 60 months.  Upon release of imprisonment, you
8   shall be placed on supervised release for a term of five
9   years.  While on supervised release, you should not commit
10  another federal, state or local crime, comply with the
11  standard conditions that have been adopted by this Court and
12  you shall also comply with the special conditions that have
13  been attached to the presentence investigation report in
14  advance of sentencing and has not been challenged by either
15  party.  I adopt the special conditions and make them as part
16  of the record.  The substance abuse condition is a result of
17  your history of alcohol and controlled substance abuse and
18  need to monitor your abstinence for the use of controlled
19  substances during your period of supervised release.
20           Although you have failed to submit a financial
21  affidavit to the probation office and has therefore failed to
22  establish that you are unable to pay a fine, based on the
23  sentence just imposed, a fine is not imposed.  However, it is
24  ordered that you pay the special assessment to the Clerk of
25  the Court of $100, which is due immediately.

1       There are no counts to be dismissed, correct,
2  Mr. Collyer?
3       MR. COLLYER: That's correct, your Honor.
4       THE COURT: Both parties have a right to appeal.
5  You are advised to consult with your attorney to determine
6  whether an appeal is warranted. Any appeal must be filed
7  within 14 days of the date the judgment is filed in this
8  case. I do note that under your plea agreement, you waived
9  your right to appeal a sentence of imprisonment of 151 months
10 or less, and, of course, this was less than half of that.
11      Anything further, Counselors?
12      MR. COLLYER: No, your Honor. Thank you.
13      MR. KINDLON: No, your Honor. Thank you.
14      THE COURT: You are remanded to the custody of the
15 United States Marshal in accordance with the terms of the
16 sentence just imposed.
17      Mr. McBrearty.
18      THE CLERK: Court stands adjourned. Thank you,
19 folks.
20           (Court adjourned, 1:45 p.m.)
21
22
23
24
25

1       CERTIFICATE OF OFFICIAL REPORTER

2

3    I, LISA M. MAZZEI, RPR, Official U.S. Court

4    Reporter, in and for the United States District

5    Court for the Northern District of New York, DO

6    HEREBY CERTIFY that pursuant to Section 753, Title

7    28, United States Code, that the foregoing is a true

8    and correct transcript of the stenographically

9    reported proceedings held in the above-entitled

10   matter and that the transcript page format is in

11   conformance with the regulations of the Judicial

12   Conference of the United States.

13

14                    Dated this 27th day of September, 2022.

15

16

17                          /S/ LISA M. MAZZEI

18                          LISA M. MAZZEI, RPR
                            Official U.S. Court Reporter
19

20

21

22

23

24

25


LISA M. MAZZEI, RPR
Official U.S. Court Reporter